UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GERALD R. LANZ,<br><br>        Plaintiff,<br><br>vs.<br><br>A TECHNOLOGICAL ADVANTAGE, INC., a Kentucky corporation; ATA HOLDINGS, INC., a Kentucky corporation; BRENT L. MILLS; DON JONES, MARK W. FOWLER; CRIMSON AERO CORPORATION, an Oklahoma corporation; and CRIMSON AERO HOLDINGS CORPORATION, an Oklahoma corporation;<br><br>        Defendants. | Case No. |

## COMPLAINT

Plaintiff, Gerald R. Lanz ("Plaintiff" or "Lanz"), for his Complaint against Defendants A Technological Advantage, Inc. ("ATA"), ATA Holdings, Inc. ("Holdings"), Brent L. Mills ("Mills"), Don Jones ("Jones"), Mark W. Fowler ("Fowler"), Crimson Aero Corporation ("CAC"), and Crimson Aero Holdings Corporation ("CAHC"), states:

### NATURE OF THIS ACTION

1. This is an action for breach of a Put Agreement ("Put Agreement") dated August 31, 2010, and the First Amendment to Put Agreement and Related Documents ("Amendment") dated November 7, 2011 (together with the Put Agreement, the "Amended Put Agreement"), among Lanz, ATA and Holdings, as well as an action for breach of a Guaranty Agreement, also dated August 31, 2010, between Lanz, Holdings, Mills, Jones, Fowler, CAC and CAHC. A true and correct copy of the Put Agreement is attached hereto as Exhibit A. A

true and correct copy of the Amendment is attached hereto as Exhibit B. A true and correct copy of the Guaranty Agreement is attached hereto as Exhibit C.

## PARTIES

2. Lanz is a citizen of the state of Florida, residing in Naples, Florida. Until several years ago, Lanz was a resident of the State of Illinois and he still owns a residence in Chicago, Illinois.

3. ATA is a Kentucky corporation. Upon information and belief, ATA's principal place of business is in Louisville, Kentucky.

4. Holdings is a Kentucky corporation. Upon information and belief, Holdings' principal place of business is in Louisville, Kentucky.

5. Mills is a citizen of and resides in the State of Oklahoma.

6. Jones is a citizen of and resides in the State of Kentucky.

7. Fowler is a citizen of and resides in the State of Oklahoma.

8. CAC is an Oklahoma corporation. Upon information and belief, its principal place of business is in Oklahoma City, Oklahoma.

9. CAHC is an Oklahoma corporation. Upon information and belief, its principal place of business is in Oklahoma City, Oklahoma.

## JURISDICTION AND VENUE

10. The amount in controversy is in excess of seventy-five thousand dollars ($75,000), exclusive of interests and costs, and is between citizens of different States. This Court therefore has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

11. Venue is appropriate under 28 U.S.C. § 1391(a) and 28 U.S.C. § 1404(a) because this Court is in the judicial district in which a substantial part of the events or omissions giving

rise to the claim occurred, and the parties to the Put Agreement, the Amended Put Agreement, and the Guaranty Agreement consented to jurisdiction and venue in any Illinois federal court and the parties to those agreements waived any claim that Illinois federal court is an improper venue.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

### The Put Agreement and First Amendment to Put Agreement and Related Documents

12. Lanz was a shareholder of ATA, having purchased one share of Series A Convertible Preferred Stock consisting of Stock Certificate 1 for .2 of a share and Stock Certificate 2 for .8 of a share and the rights appurtenant thereto (collectively, the "Lanz Share").

13. Pursuant to Section 4 of that certain Amended and Restated Investors Rights Agreement of ATA dated June 28, 2005 (the "IRA") by and among Lanz, ATA and the other shareholder parties thereto, Lanz properly issued a timely notice to exercise the put and cause ATA to purchase the Lanz Share. A true and correct copy of the IRA is attached as Exhibit D.

14. As part of the consideration for the Lanz Share, ATA and Lanz entered into the Put Agreement whereupon ATA agreed to pay Lanz $2,800,000 as follows:

(a) ATA would immediately pay $325,000 to Lanz on the date of the Put Agreement;

(b) The remaining unpaid portion of the $2,800,000 accrued interest at the rate of 7.5% per annum commencing as of August 31, 2010 and was to be paid in the amount of $75,000.00 on a monthly basis to Lanz commencing on September 30, 2010 and ending on June 30, 2011; and

(c) The remaining balance of the $2,800,000 (including both principal and interest) would be due and payable on August 1, 2011.

*See* Exhibit A at ¶ 2.

3

15. ATA failed to make numerous monthly payments when due, as required under the Put Agreement.

16. On November 7, 2011, the Amendment was signed by all parties. The Amendment kept in place all terms of the Put Agreement, except it changed the amount due and payment terms. The new payment schedule is found in ¶ 3 of the Amendment. *See* Exhibit B.

17. ATA failed to make numerous payments when due, as required under the Amended Put Agreement.

18. ATA has failed to cure its breach of the Amended Put Agreement.

19. Under the Amended Put Agreement, "If there is a default in any of the payments or in any of the other agreements herein, there is automatic acceleration of the entire amount due, and the total amount thereafter bears interest at the rate of 15% per annum." *See* Exhibit B at ¶ 3.

### The Guaranty Agreement

20. Contemporaneously with the execution of the Put Agreement, Holdings, Mills, Jones, Fowler, CAC, and CAHC executed and delivered in favor of Lanz the Guaranty Agreement.

21. The Guaranty Agreement provides in part:

3. **Guaranty**. Each Guarantor hereby, jointly and severally, unconditionally warrants, represents and guaranties to Lanz, to pay and perform in full all payment obligations of the Company under the Put Agreement to the extent the Company fails at any time to pay or perform such obligations in accordance with the terms of the Put Agreement. ATA Holdings' guaranteed obligations hereunder are secured by that certain Pledge Agreement of even date herewith.

4. **Liabilities of Each Guarantor Absolute**. The obligations of each Guarantor hereunder shall not be subject to any reduction, limitation, impairment or termination for any reason, including, without limitation, any claim of waiver, release, surrender, alteration or compromise, and shall not be subject to any defense or setoff, counterclaim or termination whatsoever, by reason of the invalidity, illegality or unenforceability of the provisions of this Guaranty or the Put Agreement. This Guaranty is a primary and

4

original obligation of each Guarantor, is not merely the creation of a surety relationship, and is an absolute, unconditional, and continuing guaranty of payment and performance and not of collection which shall remain in full force and effect without respect to future changes in conditions, including any change of law or any invalidity or irregularity with respect to the issuance of any instrument, writing or agreement relating to the obligations hereunder. Each Guarantor agrees that such Guarantor is directly and jointly and severally with each other Guarantor liable to Lanz, that the obligations of each Guarantor hereunder are independent of the obligations of the Company or any other Guarantor, and that a separate action may be brought against any Guarantor whether such action is brought against the Company or any other Guarantor or whether the Company or any other Guarantor is joined in such action. Each Guarantor agrees that any release which may be given to the Company or any other Guarantor (whether due to an insolvency or bankruptcy proceeding or otherwise) shall not release such Guarantor to pay and perform all of its obligations hereunder.

5. **Waivers**. Each Guarantor does hereby waive notice of (a) acceptance of this Guaranty, (b) any demand, proof or notice of the failure of any party to pay or perform the Company's obligations under the Put Agreement, and (c) default and all notices and demands to which such Guarantor might otherwise be entitled.

*See* Exhibit C at ¶¶ 3-5.

22. All of the guarantors signed the Amendment which provided that all the guarantees remain in full force and effect, guaranteeing the Amended Put Agreement.

## COUNT I – BREACH OF CONTRACT
### (Against ATA and Holdings)

23. Lanz incorporates Paragraphs 1-22 as if set forth fully herein.

24. The Amended Put Agreement is a valid and enforceable contracts.

25. Lanz has performed his obligations as required under the Amended Put Agreement.

26. ATA and Holdings have breached the Amended Put Agreement by failing to make payments to Lanz as due.

27. Because of its breach, the remaining balance of the amounts due to Lanz under the Amended Put Agreement are, and have been, immediately due and payable and are, and have been, accruing interest at the rate of 15% per annum until paid in full.

5

DM1\2700659.10

28. As of April 30, 2014, the amount due and owing to Lanz under the Amended Put Agreement was in excess of $2 million, plus interest at 15% per annum, plus Lanz's costs and expenses, and other costs including attorneys' fees as provided by the Amended Put Agreement. Lanz will update these amounts at the time judgment is entered.

29. In addition, under ¶ 6 of the Guaranty Agreement, ATA and the guarantors are required to indemnify Lanz and reimburse him for costs, including attorneys' fees, for claims made against Lanz by Les and Bruce Kepley. *See* Exhibit C, ¶ 6. ATA and Holdings have not paid all such costs to date.

WHEREFORE, Lanz respectfully requests that this Court enter judgment in his favor and against ATA and Holdings in an amount to be determined at the time of judgment, but in excess of $2,000,000, plus attorneys' fees, costs, interest and expenses as set forth above, together with such further relief as this Court deems just.

## COUNT II – BREACH OF GUARANTY
(Against Holdings, Mills, Jones, Fowler, CAC, and CAHC)

30. Lanz incorporates Paragraphs 1-29 as if set forth fully herein.

31. Holdings, Mills, Jones, Fowler, CAC, and CAHC executed and delivered in favor of Lanz the Guaranty Agreement, which guaranteed payment of amounts due under the Put Agreement.

32. All of the guarantors signed the Amended Put Agreement which provided that all the guarantees remain in full force and effect, guaranteeing the Amended Put Agreement.

33. ATA and Holdings have failed to pay the amounts due under the Amended Put Agreement.

34. Holdings, Mills, Jones, Fowler, CAC, and CAHC waived notice of nonpayment of the indebtedness guaranteed by the Guaranty Agreement and demand for payment.

DM1\2700659.10

35. The Guaranty Agreement is a valid and enforceable contract.

36. Lanz has performed his obligations as required under the Guaranty Agreement.

37. Because of ATA's breach of the Put Agreement and the Amended Put Agreement, the Guarantors are obliged to pay the remaining balance of the amounts due to Lanz under the Amended Put Agreement.

WHEREFORE, Lanz respectfully requests that this Court enter judgment in his favor and jointly and severally against Holdings, Mills, Jones, Fowler, CAC, and CAHC in an amount to be determined at the time of judgment, in excess of $2,000,000, plus attorneys' fees, costs and expenses as set forth above, together with such further relief as this Court deems just.

DATED this 1st day of May, 2014.

GERALD R. LANZ

By: s/Larry Selander
One of his Attorneys

Larry Selander (ARDC #02546183)
DUANE MORRIS LLP
190 South LaSalle Street, Suite 3700
Chicago, IL 60603-3433
Telephone (312) 499-6700
Facsimile: (312) 499-6701
lselander@duanemorris.com